IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| NATIONWIDE MUTUAL INSURANCE COMPANY, | : : : |
| Plaintiff, | : : |
| vs. | Case No. 7:17CV348 : : |
| STARK JONES, | : : |
| DGW ENTERPRISES, LLC, | : : |
| and | : : |
| FEEDING AMERICA SOUTHWEST VIRGINIA, | : : : |
| Defendants. | |

## REPORT AND RECOMMENDATION[1]

Plaintiff Nationwide Mutual Insurance Company ("Nationwide") brought this action as a complaint for declaratory judgment, and this matter is currently before me on defendant Feeding America Southwest Virginia's ("Feeding America") motion for summary judgment.[2] Dkt. No. 11. Feeding America also filed a crossclaim against defendant DGW Enterprises, LLC ("DGW").[3] Dkt. No. 13.

---

[1] By order entered September 22, 2017 (Dkt. No. 26), this case was referred to me for both non-dispositive and dispositive motions pursuant to 28 U.S.C. § 636(b)(1)(A) and (B).

[2] Feeding America originally filed a motion to dismiss Nationwide's complaint for declaratory judgment, which I converted into a motion for summary judgment by order entered on January 5, 2018. Dkt. No. 39. In response to my order, both Nationwide and Feeding America filed additional briefing. Dkt. Nos. 44, 46.

[3] DGW is currently in default on both Nationwide's complaint for declaratory judgment and Feeding America's cross claim. See Order, Dkt. No. 40; Clerk's Entries of Default, Dkt. Nos. 41, 42. The general effect of the entry of default under Rule 55(a) is that the defaulting party loses his standing in court, including his right to receive notice of the proceedings, and his right to present evidence at the final hearing. Hartford Fire Ins. Co. v. Sunteck Transp. Grp., Inc., No. 2:10CV191, 2011 WL 2938466, at *2 (E.D. Va. June 29, 2011), report and recommendation adopted, No. 2:10CV191, 2011 WL 2935044 (E.D. Va. July 19, 2011) citing Clifton v. Tomb, 21

## Background

This case involves adverse claims to a policy of insurance, Nationwide Mutual Insurance Company Premier Businessowners Policy ACP BPFM 3017322312 ("Nationwide Policy"). Compl. ¶ 1. DGW is the named insured under the Nationwide Policy, and the insured property is located at 2328 Melrose Avenue, NW, in Roanoke, Virginia ("Melrose Property"). Compl. ¶ 2, 8, 12. On May 3, 2017, a fire occurred at the Melrose Property and, following an investigation, Nationwide determined that the value of the claim owed by Nationwide was $141,870.14, plus the $24,562.80 it paid for the initial remediation work performed by Servicemaster of Roanoke. Compl. ¶¶ 8, 12 14.

Feeding America notified Nationwide that at the time of the fire the Melrose Property was under contract for sale from DGW to Feeding America, and that DGW and Feeding America had entered into a written Assignment of Insurance Claim transferring all right, title, and interest in the claim from DGW to Feeding America.[4] Compl. ¶ 15. Defendant Stark Jones, as the authorized representative of DGW, advised Nationwide that the Assignment of Insurance Claim was illegal, and told Nationwide to pay the insurance proceeds to either himself or DGW. Nationwide has not paid the amount owed under its insurance policy because of the competing claims and asks the court to decide which defendant is entitled to the insurance proceeds for the May 3, 2017 fire. Additionally, Nationwide asks the court to determine that the value of the claim is $141,870.14, plus the $24,562.80 it paid for the initial remediation work.

In its motion for summary judgment, Feeding America asks the court to find that it is entitled to the insurance proceeds for the May 3, 2017 fire, pursuant to the Addendum to

---

F. 2d 893, 897 (4th Cir. 1972) (applying former Equity Rule 16). However, DGW will receive a copy of this Report and Recommendation.

[4] Feeding America purchased the Melrose Property on May 15, 2017, and currently owns the property. Compl. ¶ 16.

Contract and the Assignment of Insurance Claim that Feeding America entered into with DGW. Feeding America argues that "DGW's assertion [that the assignment is illegal] is specious" and that the assignment of the right to receive the proceeds of the insurance claim is valid and fully enforceable. Feeding America's Mem. in Supp. of Mot. for Summ. J. at 4, Dkt. No. 12. In support, Feeding America has submitted copies of the contracts at issue, along with affidavits.

On February 3, 2017, Feeding America entered into an Option Agreement giving it the option to purchase the Melrose Property for a specified price. See Option Agreement, Ex. 1 to Decl. of Pamela Irvine, Dkt. No. 12-1; Feeding America's Mem. in Supp. of Mot. for Summ. J. at 2, Dkt. No. 12. Feeding America then notified DGW by letter dated April 18, 2017, that it was exercising the option to purchase the Melrose Property. See April 18, 2017 Letter, Ex. 1 to Decl. of John F. Shoulders, Jr., Dkt. No. 12-2. The property was damaged by fire on May 3, 2017; however, on May 8, 2017, instead of exercising its right to terminate the purchase agreement, Feeding America entered into an Addendum to Contract with DGW, in which Feeding America agreed to purchase the Melrose Property for the agreed purchase price and DGW agreed to assign its rights to payment of the insurance claim filed with Nationwide. Feeding America's Mem. in Supp. of Mot. for Summ. J. at 2, Dkt. No. 12; Addendum to Contract, Ex. 2. to Decl. of John F. Shoulders, Jr. At the closing on the purchase of the property on May 11, 2017, DGW executed an Assignment of Insurance Claim[5], providing that DGW:

> "does hereby GRANT, TRANSFER, and ASSIGN unto [Feeding America] all of [DGW's] right, title, and interest in and to, and right to receive payments and proceeds under, the Claim [and DGW] further hereby directs [Nationwide] to pay directly to

---

[5] The Assignment of Insurance Claim was signed by Stark Jones, as President of DGW. Assignment of Claim at 2, Ex. 2 to Decl. of Pamela Irvine, Dkt. No. 12-1. Nationwide incorrectly indicated that a copy of the Assignment of Insurance Claim was attached as Exhibit 2 to its complaint for declaratory judgment, when no such document was attached. However, Feeding America attached a copy of the Assignment of Insurance Claim to its memorandum in support of its motion for summary judgment. See Assignment of Claim, Ex. 2 to Decl. of Pamela Irvine, Dkt. No. 12-1

>[Feeding America], all of the proceeds to which [DGW] may be entitled under the Policy on account of the claim.

See Assignment of Claim at 1–2, Ex. 2 to Decl. of Pamela Irvine, Dkt. No. 12-1. Also at closing, Feeding America paid the agreed upon purchase price, and took title to the Melrose Property. See Settlement Statement, Ex. 2 to the Decl. of Roger Kronau, Dkt. No. 12–3; Deed, Ex. 3 to the Decl. of Roger Kronau, Dkt. No. 12–3.

## Standard of Review

Rule 56 of the Federal Rules of Civil Procedure permits a party to move for summary judgment. "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986) (finding summary judgment appropriate "after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case").

## Discussion

### I. Assignment

DGW's post-loss assignment to Feeding America of its rights to the proceeds of the insurance claim at issue constituted a valid and enforceable contract. The Supreme Court of Virginia has explained, "[a]fter the risk has terminated by fire, the interest of the [in]sured becomes a chose in action, which he has a right to assign . . . without asking permission of the [insurance] company."[6] Aetna Ins. Co. v. Aston, 96 S.E. 772, 774 (Va. 1918) (citations omitted);

---

[6] Virginia law applies here, as this case was filed in the Western District of Virginia based on diversity jurisdiction, and involves a dispute over the proper payment of an insurance policy issued in Virginia. See Klaxon Co. v. Stentor Elec. Mfg. Co., 313 U.S. 487, 496–97 (1941) (holding that a federal court sitting in diversity jurisdiction must apply the choice-of-law principles of the State in which the federal court is located); Buchanan v.

4

see also Op. Va. Att'y Gen., No. 10–066, 2010 WL 3800034 (Sept. 24, 2010) (noting that assignments of post-loss benefits are usually found valid, even when the insurance policy contains a non-assignment clause because "post-loss assignments of the benefits due under the policy are viewed as transfers of a chose in action and public policy favors the free alienability of choses in action . . . ."); Cincinnati Ins. Co. v. Ruch, 940 F. Supp. 2d 338, 344–45 (E.D. Va. 2013).

Neither DGW nor Jones has provided facts or argument challenging the validity of the Assignment of Insurance Claim and have also not contested the authenticity of the contracts and other documents submitted by Feeding America and Nationwide. Defendants have not argued that the Nationwide Policy prohibits assignment, nor has the court's review of the policy revealed any such language. Further, Jones, as he is not the named insured under the Nationwide Policy has no plausible individual claim to the insurance proceeds. Thus, I conclude that the Assignment of Insurance Claim from DGW to Feeding America is valid and that Feeding America is entitled to payment of the proceeds of the insurance claim.

## II.  Amount of Claim

From its investigation following the fire at the Melrose Property, Nationwide determined that the value of the claim owed was $141,870.14, plus the cost of the initial remediation work performed by Servicemaster of Roanoke, of $24,562.80. Feeding America states that, while it initially had no basis to question the claim value, additional damage has been discovered following repairs to the Melrose Property. Thus, Feeding America asks the court to grant Nationwide and Feeding America additional time to negotiate and conduct discovery on the final

---

Doe, 431 S.E.2d 289, 291 (Va. 1993) ("[T]he law of the place where an insurance contract is written and delivered controls issues as to its coverage.").

5

value of the insurance claim. I conclude that Nationwide and Feeding America should have an additional 30 days to evaluate the final value of the insurance claim.

## Conclusion

Accordingly, it is **RECOMMENDED** that an order be entered granting Feeding America's motion for summary judgment, in part (Dkt. No. 11), by finding that the Assignment of Insurance Claim from DGW to Feeding America is valid and Feeding America is entitled to payment of the proceeds of the insurance claim, but reserving judgment on the final value of the insurance claim to permit Nationwide and Feeding America a period of discovery.

The clerk is directed to transmit the record in this case to the Honorable Michael F. Urbanski, United States District Judge, and to provide copies of this Report and Recommendation to counsel of record, the registered agent for DGW, and all pro se parties. Both sides are reminded that pursuant to Rule 72(b), they are entitled to note any objections to this Report and Recommendation which must be filed within fourteen (14) days hereof. Any adjudication of fact or conclusion of law rendered herein by me that is not specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(1)(C) as to factual recitations or findings, as well as to the conclusion reached by me, may be construed by any reviewing court as a waiver of such objections, including a waiver of the right to appeal.

             Entered: January 31, 2018

             *Robert S. Ballou*

             Robert S. Ballou
             United States Magistrate Judge